IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

Case No. 02-60636-CIV-GRAHAM/GARBER

BARBARA NAILS,

Plaintiff,

vs.

JAMES CARY JACOBSON, P.A. and
ROBIN SOBO MOSELLE, P.A.
as copartners doing
business as JACOBSON SOBO & MOSELLE,
JAMES CARY JACOBSON, P.A., JAMES CARY
JACOBSON, KELLY SERVICES, INC.
RSKCO SERVICES, INC., and CONTINENTAL
CASUALTY COMPANY,

Defendants.

_____/

NIGHT BOX
FILED

SEP ?? 2002

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

**PLAINTIFF BARBARA NAILS' RESPONSE TO ORDER TO SHOW CAUSE,
INCLUDING NOTICE OF FILING RETURNS OF SERVICE ON DEFENDANTS
JUSTIN D. JACOBSON, RSKCO SERVICES, INC., KELLY SERVICES, INC.,
CONTINENTAL CASUALTY COMPANY, AND ATTENTION, LLC**

Plaintiff, Barbara Nails, hereby responds to this court's
September 19, 2002, Order to Show Cause.

As a threshold issue, Plaintiff has attached Returns of
Service on Defendants Justin D. Jacobson ("J.D. Jacobson"), RSKCo
Services, Inc. ("RSKCO"), Kelly Services, Inc. ("Kelly"),
Continental Casualty Company ("Continental"), and Attention, LLC
("Attention") as Exhibits "A"-"E", all of which have been
recently served, except for Attention, with whom Plaintiff has
settled.

1



I.   **Procedural background**

On May 7, 2002, PLAINTIFF filed the Complaint in this action, alleging violations of the Fair Debt Collections Practices Act ("FDCPA") and a breach of a settlement agreement concerning the underlying alleged debt.  On June 3, 2002, PLAINTIFF filed an Amended Complaint to add RSKCO and Continental as defendants related to the breach count, and on September 4, this court deemed Plaintiff's Second Amended Complaint (Doc. 10), which added James Cary Jacobson, P.A. ("J.C. Jacobson, P.A.") and Robin Sobo Moselle, P.A. ("RSM, P.A.") as defendants, filed as of that date.  Doc. 9.  PLAINTIFF has since settled with DEFENDANTS ATTENTION, LLC ("ATTENTION"), STEVEN MICHAELS, and DOES 1 through 3, who were not named in the Second Amended Complaint (Doc. 10). J.D. Jacobson and RSKCO were served on September 4, Continental was served on September 3, Kelly was served on August 27, and Attention was served on July 8.  J.C. Jacobson, J.C. Jacobson, P.A., and RSM, P.A. remain unserved, though earlier in the same day that the undersigned received the subject Order to Show Cause, he had prepared summonses for issuance by the court on said defendants.

II.   **Facts**

On May 24, 2002, Plaintiff's undersigned attorney mailed Defendant James Cary Jacobson ("J.C. Jacobson") a copy of the Amended Complaint in this action.  See Exhibit "F".  On June 19, the undersigned called J.C. Jacobson, who referred the

undersigned to his son and co-defendant, J.D. Jacobson to discuss the matter, and on that same day, the undersigned attorney spoke with J.D. JACOBSON.  J.D. JACOBSON informed the undersigned that the defendant parties related to his law firm were not properly named, but did not specify how.  The undersigned subsequently underwent an investigation into the records of the Division of Corporations, and believes the law firm parties are now properly named.  On June 24, J.D. Jacobson informed the undersigned that he would accept service, but that he wanted the undersigned to fax him the original Complaint.  The undersigned duly faxed J.D. Jacobson the original Complaint, but neither J.D. Jacobson, nor any of the defendants in his law firm (J.C. Jacobson, J.C. Jacobson, P.A., RSM, P.A., and Jacobson, Sobo & Moselle) have appeared.

### III. Argument

The 120-day period after the filing of the original Complaint ended on September 4, 2002.  Thus, there is no issue whatsoever as to timely service upon J.D. Jacobson, RSKCO, Continental, Kelly, or Attention.

As to J.C. Jacobson, P.A. and RSM, P.A., those parties were not named in this action until the filing of the Second Amended Complaint.  The 120-day limit under F.R.C.P. 4(m) should be construed to run from he filing of the an amended complaint, at least where a new defendant is added.  McGuckin v. Unitd States, 918 F.2d 811 (9th Cir. 1990); Johnson v. United States, 152

3

F.R.D. 87 (E.D. La. 1993).  To interpret the rule otherwise would
restrict the time available for adding defendants to within 120
days after commencement, and such a result would contradict the
relation-back provisions of F.R.C.P. 15(c).  See McGuckin;
Johnson.  Thus, the 120-day limit did not even begin to run
against J.C. Jacobson, P.A. or RSM, P.A. until September 4.

As for Jacobson, Sobo & Moselle ("JSM"), Plaintiff is under
the belief that it is a partnership whose partners are J.C.
Jacobson, P.A. and RSM, P.A..[1] Under Florida law, process
against a partnership shall first be served on any partner or any
designated employee if the partner is not available during
business hours.  See § 48.061(1), Fla. Stat..  While service of
process on a partnership under F.R.C.P. 4(h) is also permissible,
it does not appear that in practicality the federal rule expands
the universe of those Plaintiff could have served.  Thus, without
knowing the identity of the partners, Plaintiff could not serve
JSM.  Even more importantly, without statutory authority to the
contrary, under Florida law partnerships are not legal entities
and are to be named in suits under the names of their partners,
see Aronovitz v. Stein Properties, 322 So.2d 74 (Fla. 3rd DCA
1975); Elting Center Corp. v. Diversified Title Corp., 306 So.2d
542 (Fla. 3rd DCA 1974), cert. den. 321 So.2d 554 (1975), and in
the instant case, the partners, if they are yet properly named,
were not properly named until September 4.  Thus, JSM could not

---

[1]  While J.D. Jacobson did inform Plaintiff that the defendant
law firm parties were not correct, he did not see fit to correct
any such deficiency.

be served until September 4.

As for J.C. Jacobson, it is true that the 120-day limit expired on September 4.  However, dismissal is not mandatory under F.R.C.P. 4(m).  If Plaintiff shows good cause for the failure to serve within the 120 days, the court "shall" extend the time for filing.  Even if good cause is not shown, the court, in its discretion, may "direct that service be effected within a specified period of time."  F.R.C.P. 4(m).  See Petrucelli v. Bohringer & Ratzinger, 46 F.3rd 12398 (3rd Cir. 1995); Espinoza v. United States, 52 F.3rd 838 (10th Cir. 1995); Vergis v. Grand Victoria Casino & Resort, 199 F.R.D. 216 (S.D. Ohio 2000). Plaintiff argues that good cause existed for the failure to serve J.C. Jacobson.  However, even if this court does not believe that Plaintiff is hereby showing good cause, Plaintiff at least can show some cause why the action should not be dismissed as to J.C. Jacobson.

First, as to some cause, if this action is dismissed, the claims against J.C. Jacobson will be time-barred.  J.C. Jacobson is a defendant for only the claims under the Fair Debt Collections Practices Act ("FDCPA").  Under the FDCPA, claims must be brought within one-year of the violation.  15 U.S.C. § 1692k(d).  Plaintiff has alleged that J.C. Jacobson's violation occurred on May 9, 2001.  See Doc. 10, at ¶ 18.

"Relief [in the absence of good cause] may be justified ... if the applicable statute of limitations would bar the refiled action."  See F.R.C.P. 4(m) Advisory Committee Notes, 1993

Amendments.  See Vergis, 199 F.R.D. 216 (S.D. Ohio 2000).
Indeed, just as in Vergis, J.C. Jacobson had notice of the suit
prior to the expiration of the 120-day limit, having received a
letter from the undersigned enclosing the Amended Complaint, see
Exhibit "F", and having spoken with the undersigned about the
matter on June 19.  Since the applicable statute of limitations
would bar refiling of the action against J.C. Jacobson and since
he knew of the suit prior to the expiration of the 120-day limit,
this court should issue an order directing that service upon him
be made by a specified time so the case against J.C. Jacobson can
be decided on the merits.  Since Plaintiff has already sent a
proposed summons to the court and knows no reason why J.C.
Jacobson could not be served expeditiously, Plaintiff suggests 20
days from issuance of the summons.

    That having been said, good cause does exist for extending
the time period to serve J.C. Jacobson.  Quite frankly, the
reason J.C. Jacobson was not served was attorney inadvertence due
to the large number and changes in the identity of the
defendants.  This can be seen by the fact that co-defendant J.D.
Jacobson was timely served, yet Plaintiff failed to even prepare
a proposed summons for J.C. Jacobson until, ironically, earlier
the same day the undersigned received the subject Order to Show
Cause.  Attorney inadvertence can be considered by the court.
Floyd v. United States, 900 F.2d 1045 (7th Cir. 1990).

    It is also not irrelevant to consider prejudice to the
plaintiff and lack of prejudice to the defendant.  Tso v Delaney,

969 F.2d 373 (7th Cir. 1992); <u>Boltes v. Entex</u>, 158 F.R.D. 110 (S.D. Tex. 1994).  In the instant case, Plaintiff will be severely prejudiced since her claim against J.C. Jacobson will be time-barred.  J.C. Jacobson will not be prejudiced since he has been aware of suit since soon after its filing, service upon the other defendants in this action either has been recent or has not yet occurred yet, and not a single defensive paper has been filed in this action.

## IV.  Conclusion

J.D. JACOBSON, RSKCo, Kelly, Continental, and Attention have now been served.  J.C. Jacobson, P.A. and RSM, P.A. were not parties until September 4, so the 120-day period did not even begin to run against them until that date, and since they were not parties, JSM could not be served.

As for J.C. Jacobson, he has been aware of this suit since shortly after its filing, and will not be prejudiced by a granting of additional time.  Plaintiff will, on the other hand, be severely prejudiced, since her claim against J.C. Jacobson will be time-barred.  This court should allow Plaintiff additional time to serve J.C. Jacobson so Plaintiff's claim against him can be decided on the merits.

## VERIFICATION

I, Andrew Spark, declare as follows:

I am the attorney for the plaintiff in the above-entitled action.

I have read the above and know its contents.  The matters stated above are true of my own knowledge.

The enclosed letter to J.C. Jacobson is a true and correct copy of a letter I sent him.

I declare under penalty of perjury under the laws of the State of Florida that the above is true and correct.

Executed on September 23, 2002, at Sarasota, Florida.

Andrew Spark

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing by placing same in the U.S. mail, first-class postage pre-paid, addressed to Attention, LLC, Kelly Services, Inc., and RSKCo. Services, Inc., all c/o CT Corporation System, Registered Agent, 1200 S. Pine Island Rd., Plantation, FL, 33324, Continental Casualty Co., c/o Florida Insurance Commissioner, Registered Agent, The Capitol, Tallahassee, FL, 32301, and Justin D. Jacobson, P.O. Box 19359, Plantation, FL, 33318-0359, this 23 day of September, 2002.

Andrew B. Spark
FL Bar No: 0899811
LawServ, Chartered
Attorney for PLAINTIFF
2033 Main St., Ste. 106
Sarasota, FL  34237
(941) 954-0744
FAX: (941) 953-6260
abspark@msn.com

cc:  Michele Stocker, Esq.
     Sal Sicuso, Esq.

8

EXHIBIT "A"

## VERIFIED RETURN OF SERVICE
### JUSTIN D. JACOBSON

| | |
|---|---|
| UNITED STATES DISTRICT COURT | CASE: 02-60636 CIV |
| GRAHAM GERBER | |
| THE SOUTHERN DISTRICT OF FLORIDA | CIVIL DIVISION |

---

SUMMONS IN A CIVIL CASE
BARBARA NAILS                              20 DAY / COMPLAINT

vs.

JAMES CARY JACOBSON,JUSTIN D. JACOBSON
ROBIN S. MOSELLE, AS COPARTNERS ETAL

---

Pursuant to the request of Andrew Bennett Spark, 2033 Main Street, Suite 106, Sarasota, FL. BILL GREENBERG SPECIAL SERVICES, INC., received this process on August 23, 2002 at 01:36 P.M.

I, MARION D. PETERS served same on **JUSTIN D. JACOBSON**, at 1078 NW 96TH AVE, PLANTATION, FL on **SEPTEMBER 4, 2002 at 03:50 P.M.**

### INDIVIDUAL SERVICE

By serving the within named person a copy of the above named document(s). FS 48.031(1)

**MILITARY STATUS:** Based upon inquiry of party served, defendant is not in the military service of the United States.

**I ACKNOWLEDGE** that I am authorized to serve process, in good standing in the jurisdiction wherein this process was served and I have no interest in the above action.

| | |
|---|---|
| Under penalties of perjury, I declare that I have read the forgoing document and that the facts stated in it are true.<br>September 9th, 2002 | **BILL GREENBERG SPECIAL SERVICES, INC.**<br>**18450 NE 2ND AVENUE**<br>**MIAMI, FL 33179**<br>**OFFICE (305) 770-4438** |

**MARION D. PETERS 351**

**INDEX**   181298

## AFFIDAVIT OF LOST ORIGINAL

UNITED STATES DISTRICT COURT                    CASE: 02-60636 CIV GRAHAM GE
THE SOUTHERN DISTRICT OF FLORIDA                CIVIL DIVISION
_____

BARBARA NAILS

vs.

JAMES CARY JACOBSON,JUSTIN D. JAC
ROBIN S. MOSELLE, AS COPARTNERS E
_____/


The original Summons In A Civil Case going to Justin D. Jacobson has been lost.


The foregoing instrument was acknowledged                    SIGNATURE
before me this 09/09/02
by Esilda Potts
who is personally known to me.

NOTARY PUBLIC

NOTARY PUBLIC
STATE OF FLORIDA
VANESSA ICHASO
MY COMMISSION # DD 071789
EXPIRES: November 14, 2005
Bonded Thru Budget Notary Services

EXHIBIT "B"

## VERIFIED RETURN OF SERVICE
RSKCO SERVICES, INC. C/O CT CORPORATION SYSTEM, REGISTERED AGENT

| | |
|---|---|
| UNITED STATES DISTRICT COURT | CASE: 02-60636 CIV |
| GRAHAM/GERBER | |
| THE SOUTHERN DISTRICT OF FLORIDA | CIVIL DIVISION |

---

|  | |
|---|---|
| | SUMMONS IN A CIVIL CASE |
| BARBARA NAILS | 20 DAY / COMPLAINT |

vs.

JAMES CORY JACOBSON, JUSTIN D.
JACOBSON, ROBIN S. MORELLE, AS ET AL

---

Pursuant to the request of Andrew Bennett Spark, 2033 Main Street, Suite 106, Sarasota, FL. BILL GREENBERG SPECIAL SERVICES, INC., received this process on September 3, 2002 at 01:40 P.M.

I, MARION D. PETERS served same on **RSKCO SERVICES, INC. C/O CT CORPORATION SYSTEM, REGISTERED AGENT**, at 1200 S. PINE ISLAND RD., PLANTATION, FL 33324 on **SEPTEMBER 4, 2002 at 01:40 P.M.**

### CORPORATE SERVICE

By serving a copy of the above document(s) to **C T CORPORATION SYSTEMS** as **REGISTERED AGENT** or any employee of defendant corporation in the absence of any superior officer as defined in Florida Statute, Section 48.081 when defendant's corporation does not keep a registered agent present as required by F.S., Section 48.091.

### COMMENTS

COPIES LEFT WITH ANNE BOUTILIER AS THE AUTHORIZED PERSON TO ACCEPT.

**I ACKNOWLEDGE** that I am authorized to serve process, in good standing in the jurisdiction wherein this process was served and I have no interest in the above action.

| | |
|---|---|
| Under penalties of perjury, I declare that I have read the forgoing document and that the facts stated in it are true. September 9th, 2002 | **BILL GREENBERG SPECIAL SERVICES, INC.** **18450 NE 2ND AVENUE** **MIAMI, FL 33179** **OFFICE (305) 770-4438** |

**MARION D. PETERS 351**

**INDEX**   182368

EXHIBIT "C"

**VERIFIED RETURN OF SERVICE**
KELLY SERVICES INC. C/O CT CORPORATION SYSEM, REGISTERED AGENT

| | |
|---|---|
| UNITED STATES DISTRICT COURT | **CASE: 02-60636 CIV** |
| GRAHAM GERBER | |
| THE SOUTHERN DISTRICT OF FLORIDA | **CIVIL DIVISION** |

---

|  |  |
|---|---|
| | SUMMONS IN A CIVIL CASE |
| BARBARA NAILS | 20 DAY / COMPLAINT |

vs.

JAMES CARY JACOBSON,JUSTIN D. JACOBSON
ROBIN S. MOSELLE, AS COPARTNERS ETAL

---

Pursuant to the request of Andrew Bennett Spark, 2033 Main Street, Suite 106, Sarasota, FL. BILL GREENBERG SPECIAL SERVICES, INC., received this process on August 23, 2002 at 01:36 P.M.

I, MARION D. PETERS served same on **KELLY SERVICES INC. C/O CT CORPORATION SYSEM, REGISTERED AGENT**, at 1200 S PINE ISLAND ROAD, PLANTATION, FL 33324 on **AUGUST 27, 2002 at 01:30 P.M.**

### CORPORATE SERVICE

By serving a copy of the above document(s) to **C T CORPORATION SYSTEMS** as **REGISTERED AGENT** or any employee of defendant corporation in the absence of any superior officer as defined in Florida Statute, Section 48.081 when defendant's corporation does not keep a registered agent present as required by F.S., Section 48.091.

### COMMENTS

COPIES LEFT WITH ANNE BOUTILIER AS THE AUTHORIZED PERSON TO ACCEPT.

**I ACKNOWLEDGE** that I am authorized to serve process, in good standing in the jurisdiction wherein this process was served and I have no interest in the above action.

| | |
|---|---|
| Under penalties of perjury, I declare that I have read the forgoing document and that the facts stated in it are true. | **BILL GREENBERG SPECIAL SERVICES, INC.** **18450 NE 2ND AVENUE** **MIAMI, FL 33179** **OFFICE (305) 770-4438** |

August 29th, 2002

**MARION D. PETERS 351**

**INDEX**    181296

EXHIBIT "D"

# United States District Court

Southern ——— **DISTRICT OF** ——— FLORIDA

Barbara Nails,
  Plaintiff

**SUMMONS IN A CIVIL CASE**

v. Jacobson

James Cary Jacobson, Justin D. Jacobson,
Robin S. Moselle, as copartners doing
business as Jacobson Sobo Moselle,
Attention, LLC, Kelly Services, Inc.,
and Does 1 through 3

CASE NUMBER: 02-60636-CIV-
Graham/Gerber

TO: (Name and address of defendant)

Continental
Continental Casualty Co.,
c/o Florida Insurance Commissioner, Registered
  The Capitol                                            Agent
  Tallahassee, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Andrew Bennett Spark
Centerpointe
2033 Main Street, Suite 106
Sarasota, Florida 34237
(941) 954-0744

amended
an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Clarence Maddox                                          AUG 2 3 2002

CLERK                                                    DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# RETURN OF SERVICE

| | |
|---|---|
| Amended<br>Service of the Summons and Complaint was made by me[1] ** | DATE<br>9/3/2002   11:10 AM |

| |
|---|
| NAME OF SERVER (PRINT)<br>Chris J. Colson, Certified Process Srvr #142, 2nd Jud Crct of Florida, Leon Co. |

TITLE

Check one box below to indicate appropriate method of service

[XXX] Served personally upon the defendant. Place where served: 545 Larson Bldg., Tallahassee, FL
By Serving:  Florida Insurance Commissioner as Statutory Agent for service
c/o Tonya Crittenden, Service Clerk, Purusnat to F.S. 48.151(3).

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

[ ] Returned unexecuted: _____
_____
_____
_____

[ ] Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | $25.00 | $25.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   9/4/2002
                 Date

_____
Signature of Server

_____
Address of Server

**www.Serveit.com**
**Capital Area Process Service**
*Tallahassee's Premier Agency*
**1212 Tung Hill Drive**
**Tallahassee, FL 32317-9545**

**Also Served:   Check #1288 for DOI Fee
               Pursuant to F.S. 624.502

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

EXHIBIT "E"

### VERIFIED RETURN OF SERVICE
ATTENTION, LLC C/O CT CORPORATION SYSTEM, R.A.

| | |
|---|---|
| UNITED STATES DISTRICT COURT | CASE: 02-60636 CIV |
| GRAHAM/GARBER | |
| THE SOUTHERN DISTRICT OF FLORIDA | CIVIL DIVISION |

---

|  | SUMMONS IN A CIVIL CASE |
|---|---|
| BARBARA NALLS | 20 DAY / COMPLAINT |

vs.

JAMES CARY JACOBSON,JUSTIN D. JACOBSON
ROBIN S. MOSELLE,AS CO-PARTNERS ET AL

---

Pursuant to the request of Andrew Bennett Spark, 2033 Main Street, Suite 106, Sarasota, FL. BILL GREENBERG SPECIAL SERVICES, INC., received this process on July 1, 2002 at 01:04 P.M.

I, JEAN-MARIE JEAN-BAPTISTE served same on **ATTENTION, LLC C/O CT CORPORATION SYSTEM, R.A.**, at 1200 S. PINE ISLAND RD., PLANTATION, FL 33324 on **JULY 8, 2002** at **11:40 A.M.**

#### CORPORATE SERVICE

By serving a copy of the above document(s) to C T CORPORATION SYSTEMS as REGISTERED AGENT or any employee of defendant corporation in the absence of any superior officer as defined in Florida Statute, Section 48.081 when defendant's corporation does not keep a registered agent present as required by F.S., Section 48.091.

#### COMMENTS

COPIES LEFT WITH ANNE BOUTILIER AS THE AUTHORIZED PERSON TO ACCEPT.

**I ACKNOWLEDGE** that I am authorized to serve process, in good standing in the jurisdiction wherein this process was served and I have no interest in the above action.

| | |
|---|---|
| Under penalties of perjury, I declare that I have read the forgoing document and that the facts stated in it are true.<br>July 9th, 2002 | **BILL GREENBERG SPECIAL SERVICES, INC.**<br>**18450 NE 2ND AVENUE**<br>**MIAMI, FL 33179**<br>**OFFICE (305) 770-4438** |

**JEAN-MARIE JEAN-BAPTISTE 379**

**INDEX**   176543

EXHIBIT "F"

LAW OFFICE OF

# ANDREW BENNETT SPARK

CENTER POINTE
2033 MAIN STREET, SUITE 106
SARASOTA, FLORIDA  34237
(941) 954-0744
FAX: (941) 953-6260
abspark@msn.com

*Admitted to practice law in Florida, New York, and New Jersey*

May 24, 2002

James Cary Jacobson, Esq.
Jacobson Sobo & Moselle
P.O. Box 19359
Plantation, FL  33318-0359

RE:  Nails/Jacobson
Our file # 1344
**Case No. 02-60636-CIV-GRAHAM/GARBER**

Dear Mr. Jacobson:

Enclosed is an Amended Complaint recently filed against you
and your firm.

I am under the impression that this matter can be resolved
on a win-win basis for our clients, you, your partners, and am
working toward that end, though it is expected that you will make
a reasonable offer to settle the claims against you and your
partners.  Please contact me within 10 days to discuss such a
reasonable offer.  In the meantime, I will attempting to resolve
this matter with the insurer, with a goal being for that
resolution to include payment to your client through your office.

I look forward to hearing from you.  If you have any
questions, please do not hesitate to contact me.

Sincerely,

Andrew B. Spark

enc.